UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

SCOTT LANDMESSER,

        Petitioner,

-v-                               17-CV-06691L
                                           ORDER

T. STICHT, Superintendent,

        Respondent.

_____

     *Pro se p*etitioner Scott Landmesser filed an application seeking relief pursuant to

28 U.S.C. § 2254, alleging that his April 4, 2011 conviction in Chemung County Supreme

Court, New York was unconstitutionally obtained. Petitioner was directed to show cause

why his Petition should not be dismissed as untimely pursuant to 28 U.S.C. §

2254(d)(1)(A). Docket No. 4. Petitioner has filed his response, Docket No. 5, and, for the

reason stated below, his Petition is dismissed as untimely.

     According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an

application for a writ of habeas corpus by a person in custody pursuant to a judgment of

a State court. The limitation period shall run from the latest of —

> (A)    the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B)    the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was
> initially recognized by the [United States] Supreme Court, if
> the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A judgment of conviction becomes final at the conclusion of the 90-day period during which the defendant could seek review from the United States Supreme Court by filing a petition for a writ of certiorari.  *See Epps v. Poole*, 687 F.3d 46, 49 (2d Cir. 2012).

The instant Petition was filed more than one year after the judgment of conviction became final, and even considering the period tolled by Petitioner's post-conviction collateral attack, his Petition is untimely.  The judgment of conviction was entered, upon his resentencing, on April 4, 2011 (Docket No. 1, Petition, at ¶ 2).  As stated in the Court's Order to Show Cause, Docket No. 4, Petitioner's judgment of conviction became final on January 27, 2013, 90 days after his application for leave to appeal to the New York State Court of Appeals was denied on October 29, 2012.  *See Dove v. Lee*, 2015 WL 893071, at 3, n.7 (N.D.N.Y., March 2, 2015).  Petitioner did not file a Petition for a writ of certiorari.  *See* Rule 13 of the Rules of the Supreme Court of the United States.  This Petition was filed on October 3, 2017, at the earliest, which is well more than one year after the date that the judgment of conviction became final.  Petitioner's state court application for post-conviction relief pursuant to N.Y. Crim. Proc. Law § 440.10 was not filed until October 27, 2016.

In his Response to the Court's Order to Show Cause, Petitioner asserts merely that he "was unable to file" his § 2254 motion "in [a] timely manner" due to his "pending post-conviction . . . 440 Motion . . . and illegal re-sentencing of petitioner that was not on

[the] record." Docket No. 5, p. 1. He therefore raises no ground to warrant the application of equitable tolling. A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (recognizing that equitable tolling principles apply to the one-year statute of limitations set forth in the AEDPA, 28 U.S.C. § 2244(d)).

Here, Petitioner fails to allege either (1) that he diligently pursued his rights or (1) the existence of extraordinary circumstances. Petitioner filed his § 440.10 motion more than three years after his judgment of conviction became final, at which point the deadline to file his § 2254 petition had passed. The filing of a collateral attack does not restart the statute of limitations period. As the Second Circuit made clear in *Smith v. McGinnis*, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). In other words, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired.

The Court thus concludes that because the statutory period expired before Petitioner filed his collateral attack, the tolling provision is not applicable and his Petition is untimely. The Court finds that because the issues raised here are not the type of issues that a court could resolve in a different manner and are not debatable among jurists of

3

reason, Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the Petition is dismissed as untimely.

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

SO ORDERED.

David G. Larimer
United States District Judge

DATED: February 12 , 2018
Rochester, NY